FILED

December 22, 2014

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 9:30 AM



### COURT OF WORKERS' COMPENSATION CLAIMS
### DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: BILLY VAUGHN         DOCKET NO. 2014-06-0020

STATE FILE NO. 69385-2014

EMPLOYER: KENNETH PARSONS
D/B/A PERFORMANCE MECHANICAL    DATE OF INJURY: JULY 20, 2014

JUDGE: JOSHUA BAKER

INSURANCE CARRIER: NATIONWIDE

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the request for expedited hearing filed by Kenneth Parsons d/b/a Performance Mechanical (Parsons) pursuant to Tennessee Code Annotated section 50-6-239. In addition to this filing, Billy Vaughn (Vaughn) filed a request for expedited hearing, seeking temporary benefits. At the hearing, Vaughn proceeded *pro se* while Parsons was represented by attorney Lynn Lawyer. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court hereby finds as follows:

### Issues

Whether Vaughn was a statutory employee of Parsons.

### Evidence Submitted

The Court received and considered the following evidence:

1.     Copy of check written to "Billy."
2.     Radiology test information

1

## History of Claim

Parsons owned and operated a pool building business. One of Parson's subcontractors was John Rando. On Monday, July 21, 2014, Parsons went to a customer's home, located in Franklin, Tennessee, where he was building a pool. When he arrived around 10:00 a.m., he saw his subcontractor, Mr. Rando, and Vaughn and learned that Mr. Rando had brought Vaughn to the site. Parsons stayed at the jobsite for three and one-half or four hours. Parsons testified that he never spoke to Vaughn and never saw Vaughn working. Vaughn, however, testified that Parsons walked up to him, shook his hand offered him a job. Vaughn claims that he accepted the offer and spent the day moving rocks. Vaughn alleges that he injured his back while moving the rocks.

The evidence introduced establishes that Parsons wrote a check to Vaughn for $100.00. The check is made out to "Billy." During the hearing, Vaughn testified that the check was payment for work he performed for Parsons on July 20 to 22, 2014. In direct contrast, Parsons testified that he wrote the check to Vaughn at Mr. Rando's request and that the check was intended to be a loan to Mr. Rando of which Vaughn was the beneficiary. Parsons testified that Mr. Rando repaid him. Parsons adamantly denies that he hired Vaughn to work for him.

On August 7, 2014, Vaughn had his spine x-rayed at University Medical Center in Lebanon, Tennessee. The x-ray revealed a bilateral pars defect at L5 with a grade 1 anterolisthesis at L5-S1. The x-ray did not show any fractures.

Vaughn filed a petition for benefit determination (PBD) on August 26, 2014, and named Parsons as the defendant. The PBD states "I was working and moving big rocks." A dispute certification notice was filed on October 30, 2014. Thereafter, Vaughn filed a motion for temporary benefits and requested an expedited hearing. Parsons also requested an expediter hearinbg The parties appeared for an in-person hearing on November 25, 2014.

## Employee's Contentions

Vaughn alleges that he was injured while lifting rocks at Parson's jobsite. Vaughn claims that he was lifting the rocks in the course and scope of his work for Parsons and seeks temporary disability and medical benefits for the alleged injury. He claims that Parsons hired him on Sunday, July 20, 2014, and claims that he worked for Parsons from July 20 through July 22, 2014. Vaughn asserts that Parsons wrote him a check for $100.00 as payment for his work. He denies that the check was intended to be a loan.

## Employer's Contentions

Parsons denies that Vaughn worked for him or that he even knows him. Parsons stated that he did not visit the jobsite until Monday, July 21, 2014. Parsons admits that he saw Vaughn at the jobsite but denies that he observed Vaughn doing any work. He claims that Vaughn was standing on the pool deck leaning on a broom. Parsons further claims that he never spoke with Vaughn and did not hire him. Parsons asserts that he wrote Vaughn the check at the request of John Rando. Parsons alleges that Mr. Rando later repaid the $100.00. Parsons avers that because Vaughn was not his employee, he cannot recover workers' compensation benefits from him.

2

**Findings of Fact and Conclusions of Law**

*Standard Applied*

When determining whether to award or deny benefits, a workers' compensation judge must decide whether, based on the evidence introduced at the Expedited Hearing, the moving party is likely to succeed on the merits at the Compensation Hearing. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6). Employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13).

Expedited hearings are governed by Tennessee Code Annotated section 50-6-239(d) which provides the following in pertinent part:

> (1) Upon motion of either party made at any time after a dispute certification notice has been issued by a workers' compensation mediator, a workers' compensation judge may, at the judge's discretion, hear disputes over issues provided in the dispute certification notice concerning the provision of temporary disability or medical benefits on an expedited basis and enter an interlocutory order upon determining that the injured employee would likely prevail at a hearing on the merits.
>
> ***
>
> (4) If a motion for temporary disability or medical benefits is denied on the basis that the claim is not compensable, the proceeding shall continue according to the procedure provided in subsection (c) unless the employee files a request for an appeal to the workers' compensation appeals board.

Tenn. Code Ann. § 50-6-239(d)(1), (4). In addition, the "Mediation and Hearing Procedures" governing practice in the Court of Workers' Compensation Claims provides the following:

> After a case is placed on the docket, if there is a dispute over temporary disability or medical benefits, either party may request an expediting hearing of the issue of temporary disability or medical benefits by indicating its desire for an expedited hearing on the request for hearing form or by a filing a separate motion. The indication of the desire for an expedited hearing on the request for hearing form shall serve as the motion for expedited hearing.

Tenn. Comp. R. & Regs., 0800-02-21-.14(1).

The Court finds as follows. Parsons did not offer Vaughn employment. Parsons saw Vaughn on only one occasion, on Monday, July 21, 2014, at the home in Franklin where Parsons was constructing a pool for the homeowners. The Court finds that Vaughn was not performing any work at the time Parsons saw him. The Court finds that Parsons wrote the $100.00 check to Vaughn at the request of Mr. Rando. The Court finds that the check constituted a loan to Mr. Rando of which Vaughn was the beneficiary.

*Application of Law to Facts*

Vaughn has filed a motion for temporary workers' compensation benefits. Parsons opposes the motion. Parsons has raised the defense that Vaughn was not his employee and, therefore, is not entitled to temporary benefits. Based on the limited information received, the Court holds that Vaughn is unlikely to prevail against Parsons at a hearing on the merits of this case. Accordingly, the Court holds that Vaughn is not entitled to recover temporary benefits from Parsons.

Tennessee Workers' Compensation law defines "Employee" as "every person, including a minor, whether lawfully or unlawfully employed…under any contract of hire or apprenticeship, written or implied." Tenn. Code Ann. § 50-6-102(11)(A) (2014). "In order for one to be an employee of another for purposes of our Workers' Compensation Law, it is, therefore, required that there be an express of implied agreement for the alleged employer to remunerate the alleged employee for his services in behalf of the former." *Black v. Dance*, 643 S.W.2d 654, 657 (Tenn. 1982).

Vaughn has the burden to prove each and every element of his case by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-239(c)(6). This includes the burden of proving that he was employed by Parsons. The Court finds that Vaughn has failed to carry his burden of proof and relies primarily on the testimony of the parties in reaching this determination. Vaughn testified that Parsons shook his hand and hired him on Sunday, July 20, 2014. Parsons denies speaking to Vaughn, on July 20, or at any other time. Parsons testified further that he could not have hired Vaughn on Sunday, July 20, because he does not work on Sunday. The Court finds the testimony of Parsons more believable on this issue.

The Court bases its finding on the fact that Vaughn was unable to recall any specific details about where he was working when the meeting took place. On cross examination, Parsons' counsel asked Vaughn several times to identify the location of the jobsite where the meeting occurred. Vaughn was unable to even identify the city where the jobsite was located. Furthermore, Vaughn admitted that he had not filled out any paperwork at the time Parsons allegedly hired him. Parsons stated that he always requires employees or independent contractors working on his jobsites to provide basic bookkeeping information such as their name, address and social security number before commencing work. Parsons confirmed that Vaughn had not provided him this information.

The only documentary evidence at the trial that tended to support Vaughn's claim that he was Parsons' employee is the check for $100.00 that Parsons made out to "Billy." However, the fact that

Parsons failed to include Vaughn's last name on the check discounts the probative value of the check in establishing an employment relationship. In addition, the reason Parsons wrote the check to Vaughn is highly disputed.

Vaughn claims Parsons wrote him the check as payment for work he performed on July 20-22, 2014. Parsons claims he wrote the check to Vaughn at the request of Mr. Rando, and that check was not written for wages. Instead, Parsons testified that the he wrote the check to Vaughn as a loan from Mr. Rando to Vaughn. Parsons testified that Mr. Rando was loaning money to Vaughn because he did not have any money. While it does seem odd that Parsons would write a check to a person he does not know, Parsons testified that he has known Mr. Rando for eight years and trusted him. The Court finds Parsons' testimony of why he wrote the check credible. Furthermore, while Vaughn staunchly denies that the check was intended to be a loan, it is unlikely that Vaughn would have been privy to the conversation Mr. Rando and Parsons had concerning the check.

Vaughn has failed to carry his burden of proving that he was Parsons' employee. Accordingly, the Court holds that Vaughn is unlikely to prevail at a hearing on the merits of his claim for benefits against Parsons. Accordingly, his motion for temporary benefits is denied.

 **IT IS, THEREFORE, ORDERED** as follows:

1. Vaughn's motion for temporary benefits against Parsons is denied on the grounds of compensability.

2. **This matter is set for Initial Hearing via teleconference on February 12, 2014, at 9 a.m. (CST). Instructions on how to participate in the teleconference are included below.**

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

ISSUED AND FILED WITH THE ADMINISTRATOR ON DECEMBER 22, 2014.

_____

**Joshua Davis Baker**
**Workers' Compensation Judge**

**Initial Hearing:**

An Initial Hearing has been set with Judge Joshua Davis, Court of Workers Compensation Claims. You must call (615) 741-2113 or toll free at (855) 874-0474 to participate in the Initial Hearing. Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CST).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

6

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 22nd day of December, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address/mailing address |
|------|------|------|------|------|------|------|
| **Lynn Lawyer, Esq.** | | | | | x | Lawyerl@nationwide.com |
| **Billy Vaughn** | | x | | | | 150 N. Lakeview Dr. Lebanon, Tennessee 37087 |
| | | | | | | |

_____

**Joshua Davis Baker**
**Workers' Compensation Judge**

7